UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AVERS DOUGLAS, | ) |
| Plaintiff, | ) |
| vs. | ) 16-CV-2288 |
| THOMAS SNIEDER, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has held a merit review hearing to give the plaintiff a chance to personally explain his claims.

The plaintiff, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated while he was a pretrial detainee at the Macon County Jail. Since the plaintiff was a pretrial detainee, his constitutional rights are derived from the Due Process Clause of the Fourteenth Amendment. See *e.g., Kingsley v. Hendrickson*, --- U.S. ----, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation.' " *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) *quoting Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999).

The plaintiff alleges he was denied medical treatment for four (4) days following a bump he discovered in his armpit that later turned out to be infected with Methicillin-

resistant Staphylococcus aureus (MRSA). The plaintiff does not allege the adverse effects he suffered as a result. The plaintiff also alleges that jail officials at the Macon County Jail were negligent in preventing the spread of MRSA from another inmate.

The Court interprets plaintiff's complaint as stating a claim for deliberate indifference to a serious medical need for the alleged delay in treating his infection. However, the plaintiff has failed to identify the jail officials responsible for the denial of medical treatment, and what adverse effects he suffered as a result of the delay in treatment.

The Macon County Sheriff and Macon County Sheriff's Department cannot be held constitutionally liable on the theory of respondeat superior. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The plaintiff, however, does not state a claim for the alleged negligence in preventing the spread of MRSA. *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013)("Even gross negligence is insufficient to impose constitutional liability.").

IT IS THEREFORE ORDERED that:

1. The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within sixty (60) days of this order, that identifies the jail officials responsible for the denial of medical treatment and states, with specificity, what adverse effects plaintiff suffered as a result of the delay in treatment,   In short, plead more facts. If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined in this order, his case may be dismissed.

2. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

3. The plaintiff must keep the Clerk informed, in writing, of plaintiff's current address and, if released from detention, a current phone number. Failure to do so will result in dismissal of this case, with prejudice.

ENTERED this 21st  day of November, 2016.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE