UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AVERS DOUGLAS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) 16-CV-2288 ) ) |
| THOMAS SNIEDER, *et al.* | ) ) |
| Defendants | ) |

## **MERIT REVIEW ORDER #2**

    This case is before the court for a merit review of the plaintiff's amended complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A.

    In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

    Plaintiff alleges in his amended complaint that, while he was a pretrial detainee at Macon County Jail, he was diagnosed with a MRSA infection after complaining about a painful bump on his arm for approximately two (2) weeks.  Plaintiff alleges that he was placed in quarantine for an unspecified period of time.  Plaintiff also alleges that jail officials were negligent because they allowed

another inmate with MRSA to work in the kitchen, and that jail officials "don't give [inmates] hygiene."

Because Plaintiff was a pretrial detainee, his rights are derived from the Due Process Clause of the Fourteenth Amendment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015) (citing *Pittman v. Cnty. of Madison*, 746 F.3d 766, 775 (7th Cir. 2014)). To state a claim, a plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

Plaintiff sufficiently alleges that he suffered from a serious medical need. *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Plaintiff, however, has not described the treatment he received for his infection, other than that he was separated from other inmates, presumably to prevent the spread of the infection. Plaintiff may be able to state a claim, but he must provide more information regarding the treatment he received leading up to his diagnosis, and the treatment he received thereafter. For example, plaintiff must describe which jail officials provided him medical treatment, what they did, and what medications, if any, they prescribed.

To provide this information, the Court will grant plaintiff leave to file a second amended complaint.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion for Leave to File an Amended Complaint (#10) is granted. Clerk is directed to docket the amended complaint attached to plaintiff's motion.

2) The plaintiff's amended complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order, that identifies the jail officials responsible for the denial of medical treatment and states, with specificity, what adverse effects plaintiff suffered as a result of the delay in treatment. In short, plead more facts. If the plaintiff fails to file an amended complaint

or follow the court's specific instructions, as outlined in this order, his case may be dismissed.

3) Clerk is directed to send plaintiff a blank complaint form to assist him.

Entered this 15th day of September, 2017.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE